CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
 (858) 375-7385; (888) 422-5191 fax
dennisp@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Dwain Lammey,** | Case No. 2:18-cv-09972-JFW-AS |
| Plaintiff, | |
| v. | **Motion to Stay Case Pending Resolution of Appeal** |
| **Starbucks Corporation,** a Washington Corporation; and Does 1-10, | **Honorable John F. Walter** |
| Defendants. | Date: October 28, 2019<br>Time: 1:30 PM<br>Courtroom: 7A |

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. Brief History of the Case

Plaintiff, Dwain Lammey, is a person suffering from quadriplegia and a frequent patron of Starbucks Cafes. He filed suit in this matter due to the state of the countertops at this Starbucks, specifically, Starbucks maintains their countertops such that merchandise is present on the counters that narrows the useful width of the counter to areas less than 36 inches, sometimes less than 10 inches. Mr. Lammey has filed cases against Starbucks in numerous other matters involving other Starbucks locations involving similar allegations.

In *Johnson v. Blackhawk Centercal* (3:17-cv-02454-WHA.) ("*Blackhawk*")[1] the court heard Plaintiff's summary judgment motion on this issue and denied Plaintiff relief on the basis of an *amicus brief* filed by the DOJ interpreting the relevant standards. Later, the court *sua sponte* entered judgment in favor of Starbucks on the same basis. (Ex A & B – Blackhawk Decision.) Plaintiff appealed, and that matter is now pending in the 9th Circuit. (Ex. C, E – Notices of Appeal). In *Kong v. Mana Investment* (8:18-cv-01615-DOC-DFM) the court followed the rationale in *Blackhawk*. (Ex. D – Mana Decision.) That matter is also under appeal on the same grounds. In *Johnson v. Starbucks* (2:18-cv-00717-R-SK) the court found for the Plaintiff and later reversed on a motion for reconsideration on the basis of the DOJ brief, that matter will be appealed by the Plaintiff.

As the parties lack factual disputes regarding the issues in this case, Plaintiff expects the parties will again ask this Court to consider the same

---

[1] This matter presently involves only Mr. Johnson and Starbucks and the countertop issues at issue in this matter. Defendant Blackhawk Centercal has since been dismissed.

questions asked in *Blackhawk* and *Mana*. In the interests of economy, Plaintiff seeks a stay until these legal issues are resolved.

## II. A Stay Should Issue in this Matter

The Court's power to stay proceedings is inherent in its power to control its docket. *Landis v. North America Co.* (1936) 299 U.S. 248, 254. In deciding the propriety of a stay, the court should confirm the issues in the two cases are the same and should analyze whether the non-moving party can be protected from prejudice. *Id.* at 254. Over a dozen cases in which courts looking at these factors in matters involving Mr. Johnson and Starbucks have found that a stay is warranted.

While discretionary, a stay should issue in this matter as it would allow efficient resolution of this claim. The parties have thoroughly litigated numerous cases with similar facts and identical legal issues. It is extraordinarily likely that the outcomes of *Blackhawk* and *Mana* will control resolution of this matter. No collateral issues are on appeal, so any resolution is highly likely to reach the merits of the claim. Summary judgment motions have been filed in matters involving Starbucks and a handful of plaintiffs in at least a dozen cases with substantially similar briefing on each: the legal issues here are identical, something Defendant cannot argue against as Starbucks itself attempted to consolidate all of these matters using the Multi-District Litigation panel with the same "identical legal issue" rationale;[2] the Defendant is common in all the matters; there is no factual dispute and the allegations all involve the same statutory and regulatory challenge.

---

[2] This effort was ultimately rejected by the MDL, as MDL matters require substantially identical facts, not similarity of law.

To the extent that there are additional barriers that are not common to the *Blackhawk* case, there are not driving factors in final resolution. The parties have been unable to negotiate a resolution of the matter piecemeal, and numerous cases have attempted to mediate during this process without success as the "countertop" issue permeates the entirety of the case. Defendants have expressed concerns about "Double Dipping" or "Double Recovery" if the matter is settled separately, and as such the matter should be stayed in entirety for the sake of efficiency.

The Defendant cannot claim any substantial burden in a stay. Starbucks, through various counsel, have exchanged substantially similar discovery in dozens of cases involving a handful of plaintiffs and Starbucks Cafes. The parties have exchanged briefing numerous times. There is no new factual information to be uncovered: Mr. Lammey will continue to be a person with a disability, and Starbucks has never challenged this; Starbucks does not intend to modify its policy, and as a result, this issue will continue to be present until this legal issue is resolved. Even if Starbucks argued that reaching a judgment in this matter was a fruitful endeavor, any result reached in this case would ultimately be appealed by one side or the other pending the resolution in *Blackhawk* and *Mana* so there would be no gain in litigation speed. It is the definition of futility as it would end in the same place, the only question is how many efforts will be duplicated in that pursuit.

Should this matter not be stayed, tens of thousands of dollars will be spent on discovery specific to this matter than will not dictate the outcome of this case. The parties have no substantive factual dispute, the entirety of the dispute is based on the interpretation of statutory law, an ADAAG section, and the level of deference to be given to a DOJ interpretation of those laws. Should this case continue to proceed, it will inevitably result in

a summary judgment motion being granted either in favor of the Plaintiff or the Defendant, and subsequently appealed by the losing party and combined with the matter still on appeal, only to be ultimately decided based on the outcome of that cases currently proceeding at the 9th Circuit.

### III.  Conclusion

In the interest in judicial economy, and the efficiency of litigation to the parties, Plaintiff requests that the court stay this matter until the *Blackhawk* and *Mana* appeals are concluded.

Dated: August 28, 2019              CENTER FOR DISABILITY ACCESS

                                    By:__/s/ Dennis Price_____
                                    Dennis Price
                                    Attorney for Plaintiff